# EXHIBIT A

MONROE COUNTY CLERK'S OFFICE                    THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 3739698

Book    Page    CIVIL

Return To:                                      No. Pages:  3
SPENCER D. SHAPIRO
400 Garden City Plaza                           Instrument: EFILING INDEX NUMBER
Suite 500
Garden City, NY 11530                           Control #:        202402120372
                                                Index #:          E2024002705

                                                Date: 02/12/2024

Solis, Heriberto                                Time: 10:12:47 AM
Solis, Deanette

Town of Greece
Town of Greece Police Department
Gatson, Tiffani
TOWN OF GREECE POLICE OFFICER JOHN DOES 1-5

| | |
|---|---|
| State Fee Index Number | $165.00 |
| County Fee Index Number | $26.00 |
| State Fee Cultural Education | $14.25 |
| State Fee Records | $4.75 |

Employee: CW

Management

Total Fees Paid:          $210.00

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

----------------------------------------------------------------------X

HERIBERTO SOLIS, as proposed Administrator
of the Estate of ANGELY SOLIS and DEANETTE SOLIS,

                              Plaintiffs,

              -against-

TOWN OF GREECE, TOWN OF GREECE POLICE
 DEPARTMENT, TOWN OF GREECE POLICE OFFICER
TIFFANI GATSON (in her individual and official capacity),
TOWN OF GREECE POLICE OFFICER JOHN DOES
#1-5, individually,

                              Defendants.

----------------------------------------------------------------------X

Index No.:
Date Filed:

Plaintiff designates Monroe
County as the place of trial.

**SUMMONS**

The basis of venue is the
causes of action arose in the
County of Monroe pursuant to
CPLR § 503(a).

**TO THE ABOVE-NAMED DEFENDANT(S):**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance on the attorneys for the plaintiff within 20 days after the service of this summons,

exclusive of the day of service (or within 30 days after service is complete if this summons is not

personally delivered to you within the State of New York).  In case of your failure to appear or

answer, judgment will be taken against you by default for the relief demanded in the complaint.

Monroe County is designated as the place of trial pursuant to CPLR § 503(a).

Dated: Garden City, New York
         February 9, 2024

                    **THE RUSSELL FRIEDMAN LAW GROUP, LLP**
                    *Attorneys for Plaintiffs*

          By:    /s/Spencer D. Shapiro
                   Spencer D. Shapiro, Esq.
                   400 Garden City Plaza, Suite 500
                   Garden City, New York 11530
                   Ph: 516.355.9696
                   sshapiro@rfriedmanlaw.com

To:    TOWN OF GREECE

1

1 Vince Tofany Blvd
Greece, New York 14612

TOWN OF GREECE POLICE DEPARTMENT
6 Vince Tofany Blvd
Greece, New York 14612

TOWN OF GREECE POLICE OFFICER TIFFANI GATSON
6 Vince Tofany Blvd
Greece, New York 14612

VILLAGE OF HEMPSTEAD POLICE OFFICER JOHN DOES #1-5, individually
6 Vince Tofany Blvd
Greece, New York 14612

2

MONROE COUNTY CLERK'S OFFICE

THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 3739747

Book    Page    CIVIL

Return To:

No. Pages: 22

SPENCER D. SHAPIRO
400 Garden City Plaza
Suite 500
Garden City, NY 11530

Instrument: COMPLAINT

Control #:        202402120422
Index #:          E2024002705

Date: 02/12/2024

Solis, Heriberto
Solis, Deanette

Time: 10:26:22 AM

Town of Greece
Town of Greece Police Department
Gatson, Tiffani
TOWN OF GREECE POLICE OFFICER JOHN DOES 1-5

Total Fees Paid:                    $0.00

Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK



Case 6:24-cv-06361    Document 1-1    Filed 06/11/24    Page 6 of 26

SUPREME COURT STATE OF NEW YORK
COUNTY OF MONROE

----------------------------------------------------------------------------X

HERIBERTO SOLIS, as proposed Administrator
of the Estate of ANGELY SOLIS and DEANETTE SOLIS,

                              Plaintiffs,

                    -against-

TOWN OF GREECE, TOWN OF GREECE POLICE
 DEPARTMENT, TOWN OF GREECE POLICE OFFICER
TIFFANI GATSON (in her individual and official capacity),
TOWN OF GREECE POLICE OFFICER JOHN DOES
#1-5, individually,

                              Defendants.

----------------------------------------------------------------------------X

Index No.:

**COMPLAINT**

       Plaintiffs, HERIBERTO SOLIS, as proposed Administrator of the Estate of ANGELY SOLIS and DEANETTE SOLIS, complaining of Defendants, by and through their attorneys, THE RUSSELL FRIEDMAN LAW GROUP, LLP, respectfully alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

       1.     This is a shocking and egregious case of wrongful death and assault with a deadly weapon. Defendant Town of Greece Police Officer Tiffani Gatson (hereinafter, "PO Gatson") was a police officer who has sworn to serve and protect the community. On or about November 15, 2022, using her status as a police officer, PO Gatson shot and killed Decedent Angely Solis (hereinafter, "A. Solis" or "Decedent") and shot and injured Plaintiff Deanette Solis (hereinafter, "D. Solis") at A. Solis' residence at 25 Costar Street, Rochester, NY 14608.

       2.     Plaintiffs now bring this civil suit to recover compensatory, punitive, and emotional distress damages for this unconscionable, pernicious, and insidious assault hands of PO Gatson, who acted under the umbrella of protection by law enforcement.

## PARTIES

3.      That at all times hereinafter mentioned, Decedent ANGELY SOLIS was resident of the County of Monroe, State of New York. Decedent passed away on November 14, 2022.

4.      Plaintiff HERIBERTO SOLIS is the proposed Administrator of the Estate of Decedent.

5.      That at all times hereinafter mentioned, Plaintiff DEANETTE SOLIS was and is a resident of the County of Monroe, State of New York.

6.      Defendant TOWN OF GREECE (hereinafter, "GREECE") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York and is located within the County of Monroe.

7.      Defendant TOWN OF GREECE POLICE DEPARTMENT (hereinafter, "GPD") is a subdivision and/or agency of Defendant GREECE.

8.      Upon information and belief, at all relevant times described herein, Defendant GREECE, by its agents and/or employees, operated, maintained, and controlled the GPD, including all officers thereof.

9.      Upon information and belief, Defendant TOWN OF GREECE POLICE OFFICER TIFFANI GATSON (hereinafter, "PO Gatson") is a police officer who is being sued in her individual and official capacity and was an employee of Defendants GREECE and GPD. Upon information and belief, at all relevant times described herein, PO Gatson was acting under color of state law within the scope of her employment as a police officer employed by Defendant GREECE, and worked under the supervision, direction, and/or control of her supervisors in the GPD.

10.     Upon information and belief, Defendants TOWN OF GREECE POLICE OFFICER JOHN DOES #1-5 (hereinafter, "PO Does") are police officers who are being sued in their individual and official capacities and are employees of Defendants GREECE and GPD. Upon information and belief, at all relevant times described herein, PO Does were acting under color of state law within the scope of their employment as police officers employed by Defendant GREECE, and work under the supervision, direction, and/or control of their supervisors in the GPD.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction as the causes of action alleged herein arose in the County of Monroe, State of New York.

12.     Pursuant to CPLR § 503, venue is proper in this Court as the substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in the County of Monroe, State of New York.

## FACTUAL BACKGROUND

13.     On the evening of November 14, 2022, Greece Police Officer Tiffani Gatson arrived at Decedent ANGELY SOLIS' home at 25 Costar Street, Rochester, NY 14608.

14.     PO Gatson shot Decedent and her sister, Plaintiff DEANETTE SOLIS with a firearm, which upon information and belief was obtained by virtue of her position as a police officer using police resources and was registered with GPD.

15.      Upon information and belief, the firearm and ammunition were provided to Officer Gatson by Defendants GREECE and GPD.

3

16.     Upon information and belief, prior to her employment with Defendants, PO Gatson had applied for jobs with other law enforcement agencies but was denied as she was found to not be mentally fit to serve.

17.     Defendants became aware or should have become aware that PO Gatson was suffering from mental illness, was a known risk to engage in violence, and was psychologically and emotionally unfit to be a police officer and to possess a dangerous instrumentality such as a handgun.

18.     Neither Decedent nor Plaintiff DEANETTE SOLIS were committing any crime at the time of the shooting nor were they posing a threat to PO Gatson's safety.

19.     Decedent was pronounced dead at the scene.

20.     Pursuant to New York State General Municipal Law, Plaintiff served a Notice of Claim upon Defendants within the 90-day statutory period, giving Notice of these claims to the extent required by Law.

21.     Over thirty (30) days passed since the service of the Notice of Claim without Defendants remedying, settling, or adjusting this claim.

22.     Pursuant to Section 50-h of the New York State General Municipal Law, Plaintiffs appeared for a hearing that was conducted on behalf of Defendants.

<u>COUNT I</u>
**VIOLATION OF PLAINTIFFS' FOURTH AND FOURTEENTH AMENDMENT
RIGHTS FOR UNLAWFUL DEADLY FORCE (§1983)
(Against PO Gatson)**

23.     Plaintiffs repeat, reallege, and reiterate each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

4

24.     The assault of Plaintiff DEANETTE SOLIS and Decedent ANGELY SOLIS by PO Gatson was conducted under color of state law within the purview of 42 U.S.C. § 1983 and within the scope of her employment by the GPD.

25.     PO Gatson, with willful and malicious intent, using the actual and/or apparent authority of the GPD, violently assaulted Plaintiff DEANETTE SOLIS and Decedent ANGELY SOLIS while she unlawfully shot them under the color of state law.

26.     PO Gatson's actions were intentionally, recklessly, grossly negligent, and/or negligently done to intimidate and did cause Plaintiffs physical and emotional distress.

27.     The assault of Plaintiff DEANETTE SOLIS and Decedent ANGELY SOLIS was an abuse of power, constituted a seizure within the meaning of the Fourth Amendment, constituted a violation of bodily integrity for no legitimate purpose within the meaning of the Fourteenth Amendment, constituted a violation of their right to be free from unlawful force pursuant to the Fourth Amendment, and deprived Plaintiff DEANETTE SOLIS and Decedent ANGELY SOLIS of their liberty and right to be free from this type of unwanted physical contact.

28.     The seizure, deprivation of Plaintiff DEANETTE SOLIS and Decedent ANGELY'S liberty, and violation of Plaintiff DEANETTE SOLIS and Decedent ANGELY SOLIS' bodily integrity were unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

29.     As a proximate result of PO Gatson's intentional and malicious actions, Plaintiff DEANETTE SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses

5

for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State plus punitive damages and attorney's fees.

30.　As a proximate result of PO Gatson's intentional and malicious actions, Decedent ANGELY SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for their lives, sustained bodily injuries, mental torment, wrongful death, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, other special damages, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State plus punitive damages and attorney's fees.

<u>**COUNT II**</u>
**VIOLATION OF PLAINTIFF'S FOURTH, FIFTH, AND FOURTEENTH AMENDMENT RIGHTS FOR FAILURE TO PROTECT/INTERVENE (§1983)**
**(Against Defendants GREECE and GPD)**

31.　Plaintiffs repeat, reallege, and reiterate each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

32.　Defendants knew that there was a strong likelihood of harm to Plaintiffs but failed to take reasonable measures to intervene and prevent the unlawful conduct of PO Gatson, despite having an opportunity to do so.

33.　Upon information and belief, that prior to hiring PO Gatson, Defendants were on notice that PO Gatson was previously found to be not mentally fit to be a law enforcement officer, but hired her nonetheless.

34.　Upon information and belief, Defendants were on notice of PO Gatson's propensity to use her status as a police officer to further her own violent and abusive purposes.

6

35.     Despite having such knowledge, Defendants failed to take any remedial or preventative measures to deter PO Gatson from continuing to engage in official misconduct that violates the rights of the citizens they each swore to protect and serve.

36.     Had Defendants intervened to stop the unlawful conduct of PO Gatson before November 14, 2022, Plaintiffs would not have been subjected to the events described herein.

37.     As a result of Defendants' failure to protect and failure to intervene, Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights were violated.

38.     As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Plaintiff DEANETTE SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State plus attorney's fees.

39.     As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Decedent ANGELY SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for their lives, sustained bodily injuries, mental torment, wrongful death, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, other special damages, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State plus attorney's fees.

<u>**COUNT III**</u>
**FAILURE TO SUPERVISE AND FAILURE TO TRAIN (§1983)**
**(Against Defendants GREECE and GPD)**

40.     Plaintiffs repeat, reallege, and reiterate each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

41.     The unlawful assault of individuals by police officers who were not mentally fit to serve as officers, including PO Gatson, is and was foreseeable.

42.     Defendants GREECE and GPD were responsible for supervising, overseeing, and controlling their subordinates in the GPD, including PO Gatson.

43.     Defendants GREECE and GPD had an express and/or implied duty to provide a reasonably safe environment for its citizens, including Plaintiffs. At a minimum, they had a duty to keep them from being assaulted by their employees, including PO Gatson, which was foreseeable based upon her past instances of misconduct, which were known to supervisors in the GPD.

44.     Despite having this knowledge, Defendants GREECE and DPD failed to take any remedial measures to prevent foreseeable acts of abuse by GPD Officers, including allowing officers with histories of mental illness the ability to obtain and carry firearms.

45.     The countenancing of this behavior created an environment within the GPD wherein GPD Officers were allowed to continue with their abusive behavior, which led to the constitutional rights of vulnerable citizens being violated for their prurient desires, including Plaintiffs.

46.     Defendants GREECE and GPD intentionally failed to adequately supervise, control, oversee, train, and/or monitor PO Gatson, who, upon information, had a history of mental

illness, and failed to implement measures to prevent PO Gatson and other GPD Officers from conspiring with each other to cover up their official misconduct.

47.    Defendants GREECE and GPD intentionally failed to adequately supervise, control, oversee, train, and/or monitor PO Gatson and other GPD Officers from conspiring with each other to cover up their official misconduct and prevent them from continuously violating the constitutional rights of individual citizens, including Plaintiff.

48.    Defendants GREECE and GPD knew or should have known of PO Gatson's propensity for the conduct which caused Plaintiffs' injuries, prior to the occurrence of the injuries, given the knowledge of PO Gatson's mental condition.

49.    Defendants GREECE and GPD owed a duty of care to all persons, including Plaintiffs, who were likely to come into the influence of PO Gatson, in his role as a police officer, to ensure that PO Gatson did not abuse her authority as a police officer to injure citizens by assaulting, battering, and/or otherwise subjecting them to abuse for no lawful reason.

50.    At all times relevant hereto, Defendants' actions were willful, wanton, malicious, reckless, and/or outrageous in their disregard for the rights and safety of Plaintiffs.

51.    Upon information and belief, Defendants GREECE and GPD were aware that there was a substantial likelihood that permitting PO Gatson to carry on her regular duties as a police officer and allow her to possess a firearm, would deprive the public of their civil rights, but failed to take adequate measures to resolve the wrong.

52.    GPD Supervisors' failure and refusal adequately to investigate PO Gatson's background, actions, acquiescence in PO Gatson's conduct, failure to take any remedial action against PO Gatson, allowing PO Gatson to remain employed as an officer with the GPD, gross negligence in their supervision of PO Gatson, and deliberate indifference to the rights of others by

9

failing to act on information that constitutional rights were being violated by PO Gatson, subjects Defendants GREECE and GPD to supervisory liability for the November 14, 2022 assault on Plaintiffs.

53.     As a result of the above-described conduct, Plaintiff DEANETTE SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State plus attorney's fees.

54.     As a result of the above-described conduct, Decedent ANGELY SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for their lives, sustained bodily injuries, mental torment, wrongful death, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, other special damages, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State plus attorney's fees.

### COUNT IV
### NEGLIGENT/GROSS NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION
### (Against Defendants GREECE and GPD)

55.     Plaintiffs repeat, reallege, and reiterate each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

56.     Defendants knew, or were negligent in not knowing, that PO Gatson posed a threat of assault to individuals due to her mental condition.

10

57.     Defendants GREECE and GPD, by and through each entity's respective agents, servants, and/or employees, had actual knowledge, knew, or reasonably should have known, of PO Gatson's dangerous and exploitative propensities and/or that PO Gatson was an unfit agent due to her mental condition.

58.     Defendants GREECE and GPD, by and through each entity's respective agents, servants, and/or employees, failed to implement the proper programs and/or internal guidelines and regulations to adequately screen violent and/or abuse prone officers before they are allowed to continue to perform their full duties as police officers, after receiving knowledge of prior instances of misconduct.

59.     The acts of PO Gatson described hereinabove were undertaken, and/or enabled by, and/or during the course, and/or within the scope of her employment, appointment, and/or agency with Defendants GREECE and GPD.

60.     GREECE and GPD owed Plaintiffs a duty to protect them from PO Gatson's violent tendencies and/or to implement the proper programs and/or internal guidelines and regulations to adequately screen police officers who are prone to violence and/or other forms of abuse before allowing them to continue to perform their full duties as police officers.

61.     The countenancing of this behavior created an environment within the GPD wherein GPD Officers were allowed to continue with their abusive behavior, without ever facing an investigation into same or fearing any repercussions for their malfeasance, which leads to the constitutional rights of vulnerable citizens being violated for their prurient desires.

62.     As a result of the above-described conduct, Plaintiff DEANETTE SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment

11

of life, and other physical, mental, and psychological injuries, special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State.

63.     As a result of the above-described conduct, Decedent ANGELY SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for their lives, sustained bodily injuries, mental torment, wrongful death, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, other special damages, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State.

64.     Per CPLR § 1603, the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided under CPLR § 1602, including but not limited to CPLR §§ 1602(2) and 1602(7).

**COUNT V**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

65.     Plaintiffs repeat, reallege, and reiterate each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

66.     By turning a blind eye toward actual knowledge of PO Gatson's mental conditions, by employing PO Gatson, in allowing PO Gatson access to firearms, by choosing to place PO Gatson in a position wherein she could work unsupervised, Defendants GREECE and GPD caused Plaintiffs to be assaulted.

67.     Defendants GREECE and GPD acted with extreme and outrageous conduct, which intentionally and/or recklessly caused severe emotional distress and bodily harm to Plaintiffs.

12

68.     PO Gatson, in her deadly assault on Plaintiffs, acted with extreme and outrageous conduct that would shock the conscience of a reasonable person, when she shot Plaintiff DEANETTE SOLIS and Decedent ANGELY SOLIS This conduct was atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

69.     Plaintiffs suffered severe emotional distress, including severe mental anguish, due to Defendants' intentional and/or reckless, extreme, and/or outrageous conduct.

70.     As a result of the above-described conduct, Plaintiff DEANETTE SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State plus attorney's fees.

71.     As a result of the above-described conduct, Decedent ANGELY SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for their lives, sustained bodily injuries, mental torment, wrongful death, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, other special damages, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State.

72.     Per CPLR § 1603, the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided under CPLR § 1602, including but not limited to CPLR §§ 1602(2) and 1602(7).

<u>**COUNT VI**</u>
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(In the Alternative to Count VI, Against Defendants GREECE and GPD)**

73.    Plaintiffs repeat, reallege, and reiterate each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

74.    By turning a blind eye toward actual knowledge of PO Gatson's mental conditions, by employing PO Gatson, in allowing PO Gatson access to firearms, by choosing to place PO Gatson in a position wherein she could work unsupervised, Defendants GREECE and GPD  were negligent and caused Plaintiffs to be assaulted as a result.

75.    As a result of the above-described conduct, Plaintiff DEANETTE SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State.

76.    As a result of the above-described conduct, Decedent ANGELY SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for their lives, sustained bodily injuries, mental torment, wrongful death, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, other special damages, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State.

14

77.     Per CPLR § 1603, the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided under CPLR § 1602, including but not limited to CPLR §§ 1602(2) and 1602(7).

### COUNT VII
### MONELL
### (Against Defendant GREECE)

78.     Plaintiffs repeat, reallege, and reiterate each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

79.     Upon information and belief, it was the custom, policy, and practice of GREECE to tolerate, condone, and encourage constitutional violations, such as those alleged by Plaintiffs above, by failing to properly punish, charge, reprimand, and investigate allegations and incidents of police misconduct.

80.     Employees of the GPD, such as the Individual Defendants in this action, were aware at all times alleged in this Amended Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

81.     Employees of the GPD, such as PO Gatson, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct and, further, that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

82.     By failing to supervise, investigate, train, and reprimand such GPD Officers, GREECE caused the injuries to the Plaintiffs through the actions and inactions of PO Gatson.

83.     By maintaining a de facto policy of automatic indemnification, and not properly

conduct background checks on candidates for offer positions, GREECE caused the injuries to Plaintiffs through the actions and inactions of PO Gatson.

84. Upon information and belief, it was the custom, policy, and practice of GREECE to blatantly ignore background check results, complaints and/or widespread allegations of assault and/or other malfeasance in order to shield the GPD from receiving any bad press that would be generated from an investigation of police misconduct.

85. GREECE'S failure to take action against GPD Officers involved in similar incidents was part of a custom, practice, and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiffs.

86. As authorized representatives of Defendant GREECE, the officers' conduct of illegal assaults against individuals such as the Plaintiffs, constituted a custom, policy, and practice which renders the Defendant GREECE liable to Plaintiffs as a "Person" acting under the color of state law.

87. Had GREECE and GPD investigated serious complaints improper background checks, hiring officers who were not mentally fit for duty, and those with a propensity for assault and/or widespread allegations of same prior to November 14, 2022, PO Gatson would not have been in a position to violate Plaintiffs' constitutional rights.

88. GREECE is therefore liable for violations of Plaintiffs' constitutional rights as caused by PO Gatson, as described in more detail in the foregoing paragraphs; and Plaintiffs have suffered damages therefrom.

89. That, by virtue of GPD Supervisors' GP failure and refusal adequately to investigate PO Gatson's background, actions, acquiescence in PO Gatson's conduct, failure to take any remedial action against PO Gatson, allowing PO Gatson to remain employed as an officer with

the GPD, gross negligence in their supervision of PO Gatson, and deliberate indifference to the rights of others by failing to act on information that constitutional rights were being violated by PO Gatson, GREECE which employed these police officers and policymakers during the relevant time period, exhibited a de facto custom, policy, or usage of unconstitutional conduct sufficient for the imposition of municipal liability under <u>Monell v. Dept. of Social Services</u>, 436 US. 658 (1978).

90.    As a proximate result of Defendant's customs, policies, and practices for creating an environment that tolerates, encourages, and condones such constitutional violations, Plaintiff DEANETTE SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State plus attorney's fees.

91.    As a proximate result of Defendant's customs, policies, and practices for creating an environment that tolerates, encourages, and condones such constitutional violations, Decedent ANGELY SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for their lives, sustained bodily injuries, mental torment, wrongful death, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, other special damages, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State plus attorney's fees.

## COUNT VIII
### ASSAULT
### (Against All Defendants)

92.     Plaintiffs repeat, reallege, and reiterate each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

93.     PO Gatson's shooting of Plaintiff DEANETTE SOLIS and Decedent ANGELY SOLIS was entirely unjustified and constitutes an intentional assault upon Plaintiffs.

94.     PO Gatson, by her conduct, placed Plaintiff DEANETTE SOLIS and Decedent ANGELY SOLIS in fear of imminent harm and offensive conduct.

95.     As a result of the above-described conduct, Plaintiff DEANETTE SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State.

96.     As a result of the above-described conduct, Decedent ANGELY SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for their lives, sustained bodily injuries, mental torment, wrongful death, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, other special damages, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State.

## COUNT IX
### BATTERY
### (Against All Defendants)

97.     Plaintiffs repeat, reallege, and reiterate each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

98.     Battery is intentional wrongful physical contact with another person without consent.

99.     PO Gatson's shooting of Plaintiff DEANETTE SOLIS and Decedent ANGELY SOLIS was entirely unjustified, done without Plaintiffs' consent, and constituted a battery upon Plaintiffs.

100.     As a result of the above-described conduct, Plaintiff DEANETTE SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for her life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State.

101.     As a result of the above-described conduct, Decedent ANGELY SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for their lives, sustained bodily injuries, mental torment, wrongful death, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, other special damages, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State.

## COUNT X
## WRONGFUL DEATH & CONSCIOUS PAIN AND SUFFERING
### (Against All Defendants)

102.    Plaintiffs repeat, reallege, and reiterate each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

103.    PO Gatson's shooting of Decedent ANGELY SOLIS was entirely unjustified, done without Plaintiffs' consent, and resulted in Decedent's death.

104.    That said shooting occurred solely and wholly by reason of the intentional, careless, reckless and negligent acts and omissions of Defendants, without any part of the plaintiff in any manner contributing hereto.

105.    By reason of all of the foregoing, the statutory distributees of ANGELY SOLIS' estate sustained pecuniary and non-pecuniary loss resulting from the loss of Kurt's love, comfort, society, attention, services, and support.

106.    Defendants are liable for ANGELY SOLIS' wrongful death.

107.    ANGELY SOLIS experienced severe conscious pain and suffering during the events that preceded the firing of the fatal shot, and, on information and belief, after being struck by said shot but before losing consciousness.

108.    As a direct and proximate result of ANGELY SOLIS' conscious pain and suffering and death, ANGELYS SOLIS' estate has suffered damages in an amount to be determined at trial.

109.    At all relevant times, PO Gatson was an employee of TOWN OF GREECE and the GPD acting within the scope of her employment.  TOWN OF GREECE and the GPD thus are liable to ANGELY SOLIS' estate under the doctrine of *respondeat superior*.

110.    As a direct and proximate result of this assault and battery, ANGELY SOLIS' estate has suffered damages in an amount to be determined at trial.

111.    As a result of the above-described conduct, Decedent ANGELY SOLIS was caused to be unlawfully seized, assaulted, battered, placed in substantial fear for their lives, sustained bodily injuries, mental torment, wrongful death, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, other special damages including funeral and other expenses, all to Plaintiff's damage, in an amount which exceeds the jurisdictional limits of all lower New York State.

**WHEREFORE**, Plaintiffs HERIBERTO SOLIS, as proposed Administrator of the Estate of ANGELY SOLIS and DEANETTE SOLIS, demand judgment against TOWN OF GREECE, TOWN OF GREECE POLICE DEPARTMENT, TOWN OF GREECE POLICE OFFICER TIFFANI GATSON (in her individual and official capacity), TOWN OF GREECE POLICE OFFICER JOHN DOES #1-5, individually, in an amount which exceeds the jurisdictional limits of all lower New York State Courts, and such other further and different relief as the Court may deem just and proper, together with costs and disbursements of this action.

Dated: Garden City, New York
       February 9, 2024

                                    **THE RUSSELL FRIEDMAN LAW GROUP, LLP**
                                    *Attorneys for Plaintiffs*

                    By:    /s/*Spencer D. Shapiro*
                           Spencer D. Shapiro
                           400 Garden City Plaza, Suite 500
                           Garden City, New York 11530
                           Tel: 516.355.9696
                           sshapiro@rfriedmanlaw.com